Case 3:14-cv-04271-D-BF Document 8 Filed 01/16/15 Page 1 of 3 PageID 19

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 16 2015
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RODNEY HAMILTON,  )
    Plaintiff,  )
v.  )    No. 3:14-CV-4271-D
  )
PARKLAND MEMORIAL HOSPITAL,  )
    Defendant.  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.    Parties**

Plaintiff filed this complaint alleging medical malpractice. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Parkland Memorial Hospital ("Parkland").

**II.    Factual Background**

Plaintiff's allegations are somewhat unclear. He states he had gallbladder surgery and that Defendant implanted an RIFD chip into his side that causes mind control. He also states he has been "gang stalked" and drugged and that he was given "HSV-1." He seeks removal of the RIFD chip.

Plaintiff previously filed a complaint against Parkland alleging that Parkland implant an RIFD chip into his body. *See Hamilton v. Parkland Hospital*, 3:14-CV-3512-M (filed Sept. 29, 2014). On October 28, 2014, the district court dismissed the case for lack of jurisdiction, and alternatively as frivolous. On December 1, 2014, Plaintiff filed an appeal. That appeal is currently pending.

### III. Discussion

The Court lacks jurisdiction over Plaintiff's complaint. Plaintiff's medical malpractice claims against Parkland, and request for Parkland to remove the RIFD chip, are currently pending on direct appeal. *Hamilton v. Parkland Hospital*, No. 14-11294 (5th Cir. 2014). This appeal divests the Court of jurisdiction to consider these claims. *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011).

In the alternative, the Court lacks jurisdiction because Plaintiff has failed to allege either federal question or diversity jurisdiction. He cites no federal statutory or constitutional basis for his claims and thus fails to establish federal question jurisdiction under 28 U.S.C. § 1331. Additionally, Plaintiff lists his address as Dallas, Texas, and Defendant Parkland Hospital is located in Dallas, Texas. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Because the Court lacks subject matter jurisdiction, this action should be dismissed.

### IV. Recommendation

The Court recommends that this case be dismissed without prejudice for lack of jurisdiction.

Signed this 16th day of January, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).